UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICK FAGAN,

Plaintiff,

Case No. 25-cv-1974-bhl

v.

IJS STORAGE LLC, et al,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS**

---

Plaintiff Patrick Fagan, proceeding without an attorney, is suing ten named defendants — Cage Home Investments, WMB LLC, IJS Storage LLC, Jordan Vangarde, Steve Bilik, A.J. Vermiglio, Craig Patch, Tim Pinter, Victory Title Co. LLC, Joe Schilz, and Sua Sponte Roofing LLC—and five unnamed John Doe defendants, on a range of legal theories relating to his 2023 sale of a commercial property. (ECF No. 11.) Federal jurisdiction for Fagan's ten-count amended complaint is based on two federal law claims under the Racketeer Influenced and Corrupt Organizations Act (RICO). (*Id.*) He seeks a variety of forms of equitable relief and damages under both federal and state law. The case has been pending for eight months and Fagan has not served all the defendants with his latest pleading. Of the defendants he has purported to serve, at least two—Patch and Cage Home Investments—challenge the propriety of his service efforts. (ECF No. 39 at 1.)[1] In addition, they and Defendant Vermiglio (who does not contest service) have filed motions to dismiss Fagan's amended complaint. (ECF Nos. 35 & 38.)

Fagan has not responded to the substance of either pending motion to dismiss. Instead, he has filed a series of procedural motions. He seeks to disqualify and sanction opposing counsel, requests entry of temporary restraining orders to prevent his eviction from the property at issue,

[1] After failing to serve Patch or Cage Home Investments, Fagan served a summons and complaint on Caleb Gerbitz, the lawyer who represents both those defendants and Vermiglio. Gerbitz then filed an appearance on behalf of Patch and Cage Home Investments, but maintains that they have not been properly served and that the Court thus does not have personal jurisdiction over them. (ECF Nos. 24 & 39.) Patch and Cage Home Investments also join the arguments raised by Vermiglio in his motion to dismiss. (ECF No. 39)

and to enjoin his former landlord from offering to settle his case. (ECF Nos. 40, 42 & 48.) He also seeks leave to file a second amended complaint, even though he has already amended his complaint, and his deadline to amend in response to the motions to dismiss passed months ago. (ECF No. 45.)

Defendants' motions to dismiss will be granted. Fagan's amended complaint appears to have been generated using Artificial Intelligence and, despite his efforts to plead his way into federal court, the facts alleged confirm that his federal claims are without merit. Accordingly, the Court will grant Defendants' motions to dismiss and relinquish jurisdiction over any remaining state law claims. The Court will deny Fagan leave to further amend his complaint. The Court will also deny Fagan's motions against opposing counsel. Fagan's motions requesting injunctive and other procedural relief will be denied as moot.

**BACKGROUND**

Patrick Fagan owned a commercial property at 1915 53rd Street in Kenosha, Wisconsin, (the Property). (ECF No. 11 ¶¶1, 8.) In July 2023, Cage Home Investments LLC contacted Fagan about purchasing the Property. (*Id.* ¶26.) From July 30, 2023 to September 30, 2023, Fagan negotiated with Steve Bilik, A.J. Vermiglio, and Craig Patch over the sale. (*Id.* ¶27.) Although Fagan believed that Cage Home Investments would be the buyer, on November 13, 2023, he ultimately sold the building to IJS Storage, LLC for $115,000, a price he now considers "grossly inadequate." (*Id.* ¶¶27–31.) Fagan maintains that the substitution of IJS Storage for Cage Home Investments in the final sales documents that he agreed to and signed was done intentionally to hide "the true parties in interest," confuse him, and hinder his ability to conduct due diligence. (*Id.* ¶33.)

After the sale, IJS Storage rented the property back to Fagan. (*Id.* ¶30.) Further disputes ensued. Bilik and Tim Pinter demanded that Fagan perform maintenance that he contends he was not required to do under the terms of his lease. Fagan also claims they installed unpermitted electrical work that damaged the electrical system, increasing his utility costs. (*Id.* ¶34.)

Fagan has been involved in two prior state court lawsuits related to the property. The first was a civil case brought by Fagan against Cage Home Investments and IJS Storage in Kenosha County Circuit court based on his alleged discovery of fraud in 2025. (*Id.* ¶35); *Fagan v. Cage Home Investments, LLC*, Kenosha Cnty. Case No. 2025CV000918, https://wcca.wicourts.gov (last visited August 21, 2026). The second lawsuit was a small claims court eviction action filed by IJS

Storage to remove Fagan from the property. *IJS Storage LLC v. Fagan*, Kenosha Cnty. Case No. 2025SC002971, https://wcca.wicourts.gov (last visited August 21, 2026). Fagan alleges that Cage Home Investments and IJS Storage told the Court at an August 27, 2025 hearing that they had not undertaken any eviction efforts against him. (ECF No. 11 ¶35.) He further alleges that on that same day, after the hearing, IJS Storage's counsel gave Fagan a notice terminating his tenancy. (*Id.*) Fagan later dismissed his state court case against Cage Home Investments and IJS on December 2, 2025. *Fagan v. Cage Home Investments, LLC*, Kenosha Cnty. Case No. 2025CV000918.

IJS Storage filed the eviction action against Fagan on October 2, 2025. *IJS Storage LLC v. Fagan*, Kenosha Cnty. Case No. 2025SC002971. Fagan attempted to defend against his eviction by arguing that IJS Storage was registered in Wyoming and not with the Wisconsin Department of Financial Institutions at the time of the sale, making it incapable of holding title to the property and rendering the sale fraudulent and void. He also raises this issue here. (ECF No. 1 ¶32.) The Kenosha County Court rejected this defense, among others, and issued a writ to evict Fagan. *IJS Storage LLC v. Fagan*, Kenosha Cnty. Case No. 2025SC002971. A Wisconsin Court of Appeals also rejected this theory during Fagan's appeal of the writ of eviction *See IJS Storage, LLC v. Fagan*, 2025AP2366, ¶11 (Wis. Ct. App. June 3, 2026), https://wscca.wicourts.gov (last visited August 21, 2026) (holding Wis. Stat. §183.0902(3) permits foreign LLCs to enter contracts, and a lack of registration in Wisconsin does not impair a foreign LLC's ability to obtain title to property.)

Fagan also alleges that the Defendants Vangarde and Sua Sponte Roofing LLC have fraudulently listed the Property as a place where they do business even though they do not actually use the property. (*Id.* ¶¶37–38.)

**ANALYSIS**

Defendants Vermiglio, Cage Home Investments, and Patch all argue that Fagan's amended complaint fails to state a claim against them. More specifically, they allege that his complaint does not allege facts necessary to meet the pleadings standard required of RICO claims. (ECF Nos. 36 & 39.) Fagan has not responded to these arguments. Accordingly, to the extent he has any meritorious argument against the motions, he has waived it. But waiver aside, Defendants are correct that Fagan's amended complaint fails to state a federal claim. The Court will therefore grant Defendants' motions to dismiss. The Court will deny Fagan's motions to disqualify and

sanction opposing counsel and strike all filings by Defendants. The Court will deny Fagan's other motions because they are now moot.

## I. Fagan's Amended Complaint Fails to Adequately Plead a Civil RICO violation.

"[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (citing *Teumer v. Gen. Motors Corp.*, 34 F.3d 542, 545–46 (7th Cir. 1994)). When a plaintiff fails to contest a motion to dismiss his claims, the plaintiff waives his claims. *See Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) (citing *Teumer*, 34 F.3d at 545–46; *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)).

When deciding the merits of a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint will be dismissed if it does not allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Courts construe *pro se* complaints liberally. *Id.*

Vermiglio filed a motion to dismiss on April 13, 2026, (ECF No. 35), and Cage Home Investments and Patch filed another motion to dismiss on May 8, 2026, (ECF No. 38). As stated above, Fagan did not respond to contest Defendants' arguments. He has waived his claims. *Stransky*, 51 F.3d at 1335; *Lekas*, 405 F.3d at 614–15. Fagan's federal claims will be dismissed. Because there is no independent basis for federal jurisdiction, the Court will relinquish jurisdiction over his state law claims.

On the merits, Defendants are correct that Fagan's amended complaint does not state a claim for any federal cause of action. Fagan attempts to bring a civil RICO claim, and a RICO conspiracy claim against Defendants. (ECF No. 11 ¶¶43–44 (citing 18 U.S.C. §1962(c), (d)).) To

state a civil RICO claim, Fagan must plausibly allege Defendants "(1) conduct[ed] (2) [ ] an enterprise (3) through a pattern (4) of racketeering activity." *Roppo v. Travelers Com. Ins. Co.,* 869 F.3d 568, 588 (7th Cir. 2017) (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). The allegations in his amended complaint fail to support either form of RICO liability.

Defendants argue Fagan has not adequately alleged that they were part of an "enterprise." (ECF No. 36 at 6.) To adequately plead the existence of an enterprise, a plaintiff must allege some minimal structure with three features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). Fagan's amended complaint asserts that the Defendants constituted an "association-in-fact enterprise" but does not allege any facts to support that legal conclusion. (ECF No. 11 ¶24.) As Defendants note, Fagan's allegations all pertain to the single sale of a commercial property in 2023, and his lease of that same property following the sale. Fagan has not alleged facts to support the existence of some purpose of the enterprise separate from the purchase of this property. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 395, 400 (7th Cir. 2009) ("A RICO enterprise is more than a combination of persons who commit alleged predicate acts of racketeering; there must be an organization with a structure and goals separate from the predicate acts themselves.") (internal citations omitted). Fagan has also not alleged facts to establish *relationships* among those associated with the enterprise; there is nothing connecting many of the disparate defendants besides their alleged involvement in this sale. *Boyle,* 556 U.S. at 946.

Defendants also argue that Fagan's amended complaint does not allege the required "pattern of racketeering activity." (ECF No. 36 at 9 (citing 18 U.S.C. §1962; *Pizzo v. Bekin Van Lines Co.,* 258 F.3d 629, 633 (7th Cir. 2001)).) At the motion to dismiss stage, the determinative issue is whether the plaintiff has "adequately alleged that the challenged conduct occurred and went on long enough and with enough of a relationship with itself to constitute a pattern" or that the challenged conduct poses a risk of continued criminal activity. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 333 (7th Cir. 2019); *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992). Fagan's amended complaint does not adequately allege the existence of a pattern of criminal activity, or that there is a risk of continued criminal activity. Fagan's alleged pattern relies exclusively on allegations of wire fraud, and one allegation of mail fraud related to his

eviction notice. (ECF No. 11 ¶¶37–42; ECF No. 12 at 3.) As Defendants note, the Seventh Circuit has repeatedly rejected RICO claims that rely heavily on mail and wire fraud allegations to establish a pattern of racketeering activity. (ECF No. 36 at 9); *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 475 (7th Cir. 2007); *Midwest Grinding*, 976 F.2d at 1024–25; *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 781 (7th Cir. 1994). Some of Fagan's allegations of wire fraud are just the communications necessary to purchase the building in 2023. (ECF No. 11 ¶41(A)–(C).) The other allegations of wire fraud are that Sua Sponte Roofing operates a website, has online reviews, and lists the property as its location. (*Id.* ¶¶41(E), 42.) Moreover, Fagan's allegations all relate to the acquisition and later management of a *single property* in Kenosha. There are no allegations supporting an inference that there is any risk of continuing criminal activity. Fagan's only allegation of irregularity in the sale is his misplaced belief that IJS Storage could not hold title to the property as a foreign limited liability company not yet registered in Wisconsin. That belief is simply wrong, as the Wisconsin Court of Appeals explained in upholding the judgment of eviction against him. *See* Wis. Stat. §183.0902(3); *IJS Storage, LLC v. Fagan*, No. 2025AP2366.

Fagan's RICO conspiracy claim fails for the same reasons. (ECF No. 36 at 12.) Fagan simply repeats the statutory elements of a conspiracy claim and then alleges that Defendants conspired to violate the statute; this is insufficient. *See Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 733 (7th Cir. 1998).

In sum, the alleged misconduct that Fagan alleges does not create liability under RICO, whether as a substantive violation of the statute or a conspiracy to do so. The Court will grant Defendants' motions to dismiss as to Fagan's federal claims.

## II. The Court Will Relinquish Jurisdiction over Fagan's State Law Claims and Deny Leave for Further Amendments.

Fagan also attempts to raise eight state law claims. (ECF No. 11 ¶¶45–52.) The Court will dismiss his state law claims over which the Court only had supplemental jurisdiction, as there is no longer any basis for federal jurisdiction. 28 U.S.C. §1367(c)(3); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008).

The Seventh Circuit has instructed that a *pro se* plaintiff should generally be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Fagan has had the opportunity to amend his pleading; the operative pleading is already an amended

complaint. He has also filed multiple supplements, (ECF Nos. 14–23), other documents to attempt to support his claim, (ECF No. 12 ("Plaintiff's Voluntary RICO Case Statement")), and missed a chance to simply amend his complaint in response to Defendants' various motions to dismiss. Nevertheless, on August 3, 2025, in the face of the pending motions to dismiss, Fagan filed a motion for leave to file a second amended complaint seeking to add new defendants, including the attorney and law firm who represent IJS Storage LLC. (ECF No. 45.) Given the many submissions Fagan has already made to try to support his claim without avail, the Court finds that any further attempt at amendment by Fagan would be futile. Accordingly, the Court will not grant him leave to amend.

**III. Fagan's Other Motions Are Denied.**

Fagan filed two motions attempting to sanction Defendants and strike their filings. (ECF Nos. 32 & 40.) The Court will deny both.

Fagan has filed a motion to sanction opposing counsel and strike their filings. (ECF No. 32.) In that motion, Fagan asserts that Caleb Gerbitz, the lawyer representing Vermiglio, Patch, and Cage Home Investments, failed to properly serve filings on him because Gerbitz sent the documents to him by email, wrote his address incorrectly on hard copies of the documents, and filed "backdated," fraudulent certificates of service. (*Id.* at 2–4.) The record confirms that counsel included an incorrect digit in Fagan's street address. (ECF No. 29.) This typographical error does not suggest bad faith and was, in any event, harmless given that Fagan received the documents in question by email. Fagan's complaint about the certificate of service, which he describes as "backdated," is also baseless. The document does not appear to have any dates that are actually backdated. (*Id.*) Fagan's gripe is that it was filed several days after Gerbitz's notice of appearance. (ECF No. 32 at 4.) This does not merit sanctions. Fagan also complains that Amy Farrow, the attorney representing Schilz and Victory Title Co., filed an answer without a notice of appearance, and that she failed to serve the answer on him. (*Id.* at 4–5.) Even if Farrow failed to provide a copy of her pleading to Fagan, the record confirms that he received the answer through PACER. (*Id.* at 1.) Again, there is no reason to believe Farrow acted in bad faith and Fagan has not been prejudiced. Fagan's suggestion that sanctions are appropriate in these circumstances is without merit.

Fagan has also moved to disqualify or sanction Gerbitz based on Gerbitz's representation of *other defendants* in another case in which Fagan was the *plaintiff,* asserting this creates a conflict

of interest. (ECF No. 40.) This assertion is frivolous. Fagen is simply mistaken about when a conflict of interest exists. Fagan cites Wisconsin Supreme Court Rules 20:1.7 and 20:1.9. Both rules address a lawyer's duties to *clients*, not their adversaries. The same attorney can represent defendants in multiple actions involving the same plaintiff, so long as he does not also represent, and has not represented, that plaintiff. This motion is also denied.

Fagan has also filed a variety of other motions, seeking to excuse his failure to serve some defendants, to use the United States Marshals to serve the remaining unserved defendants, to enjoin the state court from proceeding in the eviction case against him, and to enjoin his former landlord from asking him to settle this case. (ECF Nos. 3, 5, 27, 42, 46, 47, & 48.) The Court will deny these motions as moot because there is no valid complaint and the action is being dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 35 & No. 38, are **GRANTED**. Plaintiff's case is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Sanctions, ECF Nos. 32 & 40, are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining pending motions, ECF Nos. 3, 5, 27, 42, 45, 46, 47, & 48, are **DENIED as moot**.

Dated at Milwaukee, Wisconsin, on August 21, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge