**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

**MILWAUKEE DIVISION**

| | |
|---|---|
| PATRICK FAGAN,<br><br>Plaintiff,<br><br>v.<br><br>IJS STORAGE LLC; STEVE BILIK; J. MICHAEL MCTERNAN; ALIA, DUMEZ & MCTERNAN, S.C.; CAGE HOME INVESTMENTS, LLC; CRAIG PATCH; AJ VERMIGLIO; VICTORY TITLE CO. LLC / JOE SCHILZ; TIM PINTER; JORDAN VANGARDE; SUA SPONTE ROOFING LLC; WMB, LLC; and JOHN DOES 1-5,<br><br>Defendants. | Case No. 2:25-CV-1974-BHL<br><br>U.S. District Court<br>Wisconsin Eastern<br>AUG 26 2026<br>FILED<br>Clerk of Court |

## MOTION TO STRIKE DOCUMENT 54 AND RESPONSE IN OPPOSITION TO THE RELIEF REQUESTED THEREIN

Plaintiff Patrick Fagan ("Plaintiff"), pro se, pursuant to Civil Local Rule 7(d), the inherent authority of this Court to control its docket, and Federal Rule of Civil Procedure 12(f), respectfully moves this Court to strike Document 54, a letter from Attorney Caleb R. Gerbitz to Judge Brett H. Ludwig dated August 17, 2026, and further responds in opposition to the substantive relief requested thereon.

## I. INTRODUCTION

On August 17, 2026, Attorney Caleb R. Gerbitz filed Document 54 in the above-captioned action. Document 54 is not a motion, a brief, a memorandum, or any other form of pleading recognized by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Wisconsin. It is a personal letter to the presiding judge, addressed as "Dear Judge Ludwig," that requests three forms of substantive relief:

1. That Plaintiff's motion to disqualify counsel be denied;

2. That Plaintiff's motion for leave to file a second amended complaint be denied; and

3. That the motions to dismiss filed by Mr. Gerbitz's clients be granted.

Despite requesting substantive rulings from the Court, the letter contains no citation to any statute, rule, or legal authority. It is not accompanied by a supporting memorandum as required by Civil L.R. 7(a). It does not state the rule or statute pursuant to which it is made. It is not styled as a motion. It is not a response or reply brief filed within the time limits established by Civil L.R. 7(b) and (c). It is an unauthorized paper under Civil L.R. 7(i) that should be stricken from the record.

Furthermore, the substance of the letter mischaracterizes Plaintiff's allegations, disregards the specific grounds for disqualification set forth in Document 53, and makes arguments that actually support Plaintiff's RICO claims.

## II. FACTUAL BACKGROUND

### A. Procedural History of the Motion to Disqualify

On May 13, 2026, Plaintiff filed Document 40 — an Emergency Motion to Disqualify Counsel, Motion to Strike, and Motion for Sanctions — alleging that Attorney Gerbitz and his firm, Meissner Tierney Fisher & Nichols, S.C., have engaged in conduct warranting disqualification in this action. On June 1, 2026, Attorney Gerbitz filed Document 41 — a Brief in Opposition to Plaintiff's motion to disqualify. On June 17, 2026, Plaintiff filed Document 44 — a Reply Brief in Support of the motion to disqualify. The briefing on the original motion to disqualify was thus complete as of June 17, 2026.

On August 13, 2026, Plaintiff filed Document 53 — a Notice of Additional Grounds for Disqualification and Request for Immediate Ruling on Pending Motion to Disqualify Counsel — supplementing the original motion with newly discovered evidence of additional unethical and bad faith conduct by Attorney Gerbitz.

### B. Document 54

On August 17, 2026, four days after Plaintiff filed Document 53, Attorney Gerbitz filed Document 54. The document is formatted as a personal letter on law firm letterhead, addressed "Dear Judge Ludwig," and signed "Respectfully, /s/ Caleb R. Gerbitz." The letter:

1. States that Mr. Gerbitz's "preference would be to simply ignore Mr. Fagan's false charges";

2. Asserts that the alignment of interests among defendants "is not evidence of fraud, racketeering, or sanctionable conduct";

3. Requests that the Court deny Plaintiff's motion to disqualify counsel;

4. Requests that the Court deny Plaintiff's motion for leave to file a second amended complaint; and

5. Requests that the Court grant the motions to dismiss filed by Mr. Gerbitz's clients.

The letter contains no citation to any statute, rule, or legal authority. It is not accompanied by a supporting memorandum. It does not identify the rule or statute under which it is filed. It was not filed as a motion, a response brief, or a reply brief. It was filed as a "letter" via the Court's electronic filing system.

**C. Document Metadata**

The document properties metadata for Document 54, as displayed in the file information, lists the author as "Pamela J. Tillman" — another attorney at Meissner Tierney Fisher & Nichols, S.C. — rather than Caleb R. Gerbitz, the signatory. This raises a question about who actually authored or drafted the letter and whether the signatory reviewed it before filing.

## III. LEGAL AUTHORITY

### A. Civil Local Rule 7(a) — Form of Motions

Civil Local Rule 7(a) of the Eastern District of Wisconsin provides:

> "Every motion must state the statute or rule pursuant to which it is made and... must be accompanied by: (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or (2) a certificate stating that no memorandum or other supporting papers will be filed."

Document 54 does not state any statute or rule pursuant to which it is made. It is not accompanied by a supporting memorandum. It contains no affidavit or declaration. It is not styled as a motion. It fails every requirement of Civil L.R. 7(a).

The Eastern District of Wisconsin strictly enforces its local rules. In *NexGen Coastal Investments LLC v. Bledsoe*, No. 21-C-916, 2022 WL 2818308 (E.D. Wis. July 20,

2022), this Court denied a motion because it "does not comply with this court's local rule governing litigation summary judgment motions." The same standard applies here — Document 54 does not comply with Civil L.R. 7(a) and must be denied or stricken.

**B. Civil Local Rule 7(i) — Unauthorized Papers**

Civil Local Rule 7(i) provides:

> "Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it."

A letter to a judge is not a motion, memorandum, or brief authorized by the Federal Rules of Civil Procedure or the Local Rules of this District. Attorney Gerbitz did not seek leave of Court to file this letter. Under Civil L.R. 7(i), Document 54 is an unauthorized paper.

**C. Civil Local Rule 7(d) — Sanctions for Noncompliance**

Civil Local Rule 7(d) provides:

> "Failure to comply with the briefing requirements in Civil L.R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L.R. 83(f)."

**D. Federal Rule of Civil Procedure 7**

Federal Rule of Civil Procedure 7(b) requires that a motion "state with particularity the grounds for seeking the order" and "state the relief sought." Document 54 does not state any grounds with particularity — it contains no legal argument, no citation to authority, and no reference to any rule or statute. It merely asserts conclusions.

**E. Case Law on Improper Attorney Letters to the Court**

Federal courts have consistently held that informal letters from attorneys to judges are improper and should be stricken or disregarded:

1. *In Re: Jackson-Strong Alliance, LLC*, No. 2:24-cv-07382 (C.D. Cal. Nov. 14, 2024) — The court noted that an attorney's "Letter to the Court violated Local Rule 83-2.5, which states: 'Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge... All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.'"

2. *Chevron Corporation v. Donziger*, No. 11-CV-0691 (S.D.N.Y. Nov. 20, 2020) — The court denied a "letter motion" because "it does not comply with Instruction 13.1 of this District's ECF Rules and Instructions and Local Civ. R. 7.1... It therefore must be made by a motion in the regular course."

3. *Rene v. 31 East 21 Express Inc.*, No. 22-CV-10518 (S.D.N.Y. Mar. 3, 2023) — The court denied a substantive request filed as a "Letter Motion," stating: "Application denied. The defendant may move or answer with respect to the amended complaint."

4. *Long v. Cat Exteriors*, No. EP-22-CV-299-KC (W.D. Tex. Oct. 25, 2022) — The court stated: "For the most part, Plaintiff should refrain from filing letters to the Court. She should limit her filings to motions or responses and replies thereto... advisories... are not a proper way to address disputed issues."

5. *Candelario v. Amerilist, Inc.*, No. 19-CV-1988 (S.D. Cal. May 7, 2021) — The court held: "A court may sua sponte strike a document filed in violation of the Court's local procedural rules... The filing is... improperly formatted in violation of this District's local rules."

6. *Freeman v. Fidelity Capital Holdings, Inc.*, No. 6:18-CV-1856 (M.D. Fla. Oct. 11, 2019) — The court struck an informal letter as an "unauthorized filing," stating: "Because the... letter is an unauthorized filing, the Clerk is directed to strike Doc. # 47 from the record."

7. *Coleman v. Telles*, No. 2:23-CV-01434 (D. Nev. Dec. 19, 2024) — The court held: "District courts have authority to strike an improper filing under their inherent power to control the docket."

8. *Shahroki v. Harter*, No. 2:21-CV-00139 (D. Nev. Oct. 26, 2021) — The court confirmed: "District courts have authority to strike an improper filing under their inherent power to control the docket."

9. *Snyder v. Power*, 133 N.Y.S.2d 845 (N.Y. Sup. Ct. 1954) — The court held: "I think it would be a dangerous precedent to hold that these particular matters might be corrected merely by the transmission of a letter written by counsel."

10. *In Re Cotton*, 939 N.E.2d 619 (Ind. 2010) — The court held: "Improper ex parte communications undermine our adversarial system, which relies so heavily on fair advocacy and an impartial judge."

11. *Roy Atkinson v. Bass*, 579 F.2d 865 (4th Cir. 1978) — The court held: "The defendants' ex parte communication with the court, without notice given... was an act calling for reversal when it substantially affected the substantive or procedural rights of the plaintiff."

## IV. ARGUMENT

### A. Document 54 Is Not a Proper Motion

Document 54 is a letter. It is styled as correspondence, not as a motion. It begins "Dear Judge Ludwig:" and ends "Respectfully, /s/ Caleb R. Gerbitz." It does not include a caption identifying it as a motion. It does not state the statute or rule under which it is filed. It is not accompanied by a supporting memorandum. It contains no legal argument or citation to authority.

Under Civil L.R. 7(a), "[e]very motion must state the statute or rule pursuant to which it is made" and "must be accompanied by: (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or (2) a certificate stating that no memorandum or other supporting papers will be filed." Document 54 satisfies none of these requirements.

Attorney Gerbitz has already filed a formal Brief in Opposition (Document 41) to Plaintiff's original Motion to Disqualify Counsel (Document 40). Plaintiff filed a Reply Brief (Document 44) on June 17, 2026, completing the briefing on that motion. If Attorney Gerbitz wished to respond to Plaintiff's supplemental filing (Document 53), he was required to file a formal supplemental brief in opposition, not an informal letter to the judge.

As the court held in *In Re: Jackson-Strong Alliance, LLC*, attorneys "shall refrain from writing letters to the judge... All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules." Document 54 is precisely the type of communication that this rule prohibits.

### B. Document 54 Requests Substantive Relief Without Compliance with Local Rules

Document 54 requests three forms of substantive relief:

1. Denial of Plaintiff's motion to disqualify counsel — This is a request for a ruling on a pending dispositive motion. It must be made through a formal response brief, not a letter.

2. Denial of Plaintiff's motion for leave to file a second amended complaint — This is a request for a ruling on a pending motion. It must be made through a formal response brief, not a letter.

3. Granting of the motions to dismiss filed by Attorney Gerbitz's clients — This is a request for the Court to rule in favor of the defendants on their dispositive motions. It must be made through a formal motion or reply brief, not a letter.

As the court held in *Rene v. 31 East 21 Express Inc.*, when a party seeks substantive relief through an improper "Letter Motion" rather than a formal motion, the proper response is: "Application denied. The defendant may move or answer with respect to the amended complaint." Similarly, in *Chevron Corporation v. Donziger*, the court denied a letter motion because "it does not comply with [the District's] ECF Rules and Instructions and Local Civ. R. 7.1... It therefore must be made by a motion in the regular course."

Attorney Gerbitz's letter seeks to obtain rulings on three pending motions — two of Plaintiff's motions and his own clients' motions — without filing a single formal brief or motion. This circumvents the briefing requirements of Civil L.R. 7(a), (b), and (c), which establish the procedural framework for presenting arguments to the Court. It also deprives Plaintiff of the opportunity to respond to Attorney Gerbitz's arguments through the formal reply process.

**C. Document 54 Is an Unauthorized Paper Under Civil L.R. 7(i)**

Civil L.R. 7(i) provides that "[a]ny paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it."

A letter to a judge is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this District. Attorney Gerbitz did not seek leave of Court to file this letter. He did not file it as an attachment to a motion requesting leave. Under Civil L.R. 7(i), Document 54 is an unauthorized paper that should be stricken.

As the court held in *Freeman v. Fidelity Capital Holdings, Inc.*, when a letter is an "unauthorized filing," the proper remedy is for the Clerk to "strike [it] from the record." Similarly, in *Candelario v. Amerilist, Inc.*, the court held that "[a] court may sua sponte strike a document filed in violation of the Court's local procedural rules."

**D. Document 54 Mischaracterizes the Allegations in Document 53**

Attorney Gerbitz's letter characterizes Plaintiff's allegations as "false charges" without providing any legal argument, citation to authority, or evidentiary support. The letter states:

> "Although my preference would be to simply ignore Mr. Fagan's false charges, to avoid any risk of waiver or forfeiture, I respectfully submit this letter to object to the form and substance of Mr. Fagan's allegations against me."

This statement reveals that Attorney Gerbitz's primary motivation is not to present legal argument but to "avoid any risk of waiver or forfeiture" — i.e., to preserve arguments without actually making them. A letter is not the proper vehicle for preserving legal arguments. If Attorney Gerbitz wished to preserve arguments, he was required to file a formal response brief.

Furthermore, the letter does not address any of the specific allegations in Document 53. It does not identify which allegations it disputes, provide any factual rebuttal, or offer any legal analysis. It merely asserts, without support, that the charges are "false." This is not legal argument — it is assertion.

As the court held in *Snyder v. Power*, "it would be a dangerous precedent to hold that these particular matters might be corrected merely by the transmission of a letter written by counsel." A letter is not a substitute for a formal legal filing.

**E. Document 54's Alignment-of-Interests Argument Supports Plaintiff's RICO Claims**

Perhaps most remarkably, Attorney Gerbitz's letter makes an argument that actually supports Plaintiff's RICO claims. The letter states:

> "I represent three, and only three, defendants in this action: Cage Home Investments, Mr. Vermiglio, and Mr. Patch. My clients' objective is to secure a complete dismissal of Mr. Fagan's claims against them. Naturally, this interest is shared with many, if not all, of the other defendants named in this action — dismissal of the claims against my clients will benefit the other defendants because the claims against them will be subject to dismissal for the same reasons. Such an alignment of interests among defendants is not evidence of fraud, racketeering, or sanctionable conduct. Rather, it is the natural outgrowth of multi-party litigation."

Plaintiff's Second Amended Complaint alleges that the Defendants constitute an "association-in-fact" enterprise under 18 U.S.C. § 1961(4), formed for the purpose of acquiring Plaintiff's real and personal property through fraudulent means. Attorney Gerbitz's admission that his clients' interests are "shared with many, if not all, of the other defendants" and that dismissal of claims against his clients "will benefit the other defendants" is direct evidence of the coordinated, aligned interests that characterize a RICO enterprise.

Furthermore, Attorney Gerbitz's statement that this alignment "is not evidence of fraud, racketeering, or sanctionable conduct" is a legal conclusion offered without citation to any authority. The question of whether the alignment of interests among these specific defendants constitutes evidence of a RICO enterprise is a substantive legal issue that must be addressed through a formal motion or brief, not a letter.

### F. Document Metadata Raises Questions About Authorship

The document properties metadata for Document 54 lists the author as "Pamela J. Tillman" — an attorney at Meissner Tierney Fisher & Nichols, S.C. — rather than Caleb R. Gerbitz, the signatory. While this may be a technical artifact, it raises a legitimate question about whether the signatory personally reviewed and approved the document before filing. This is particularly relevant given that Document 53 alleges ethical violations by Attorney Gerbitz, and the response to those allegations should be personally authored or at minimum personally reviewed by the attorney whose conduct is at issue.

This further supports the argument that Document 54 was hastily prepared and filed without the care and attention required for a formal legal filing. As the court held in *Long v. Cat Exteriors*, informal letters "are not a proper way to address disputed issues."

## V. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Strike Document 54 (the letter from Attorney Caleb R. Gerbitz to Judge Ludwig dated August 17, 2026) as an unauthorized paper under Civil L.R. 7(i) and an improper filing under Civil L.R. 7(a);

2. Disregard the substantive requests for relief contained in Document 54 — namely, the requests to deny Plaintiff's motion to disqualify counsel, deny Plaintiff's motion for leave to file a second amended complaint, and grant the motions to dismiss — to

the extent they are not properly presented through a formal motion or brief;

3. In the alternative, if the Court treats Document 54 as a motion or response, grant Plaintiff leave to file a formal response to the arguments contained therein, with a corresponding opportunity for Plaintiff to reply; and
4. Grant such other and further relief as this Court deems just and proper.

## VI. RESPECTFULLY SUBMITTED

Dated: August 18, 2026

Respectfully submitted,

Patrick Fagan, Plaintiff Pro Se
3943 Pinehill Blvd.
Mt. Pleasant, Wisconsin 53403
Tel: (920) 256-2096
Email: passportsilver@icloud.com

## VII. CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, I caused a true and correct copy of the foregoing Motion to Strike Document 54 and Response in Opposition was served upon all counsel of record via the Court's ECF system after it was mailed by certified U.S. Mail, postage prepaid, and entered into the court record.

Patrick Fagan