UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICK FAGAN,

Plaintiff,

Case No. 25-cv-1974-bhl

v.

IJS STORAGE LLC, et al.,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

Plaintiff Patrick Fagan, proceeding without an attorney, sued ten named defendants—Cage Home Investments, WMB LLC, IJS Storage LLC, Jordan Vangarde, Steve Bilik, A.J. Vermiglio, Craig Patch, Tim Pinter, Victory Title Co. LLC, Joe Schilz, and Sua Sponte Roofing LLC—and five unnamed John Doe defendants, on a range of legal theories relating to his 2023 sale of a commercial property. (ECF No. 11.) He was not able to serve all the named defendants, but two defendants that were served filed motions to dismiss. (ECF Nos. 35 & 38.) The Court eventually granted those motions, noting that Fagan had not responded to the substantive arguments raised and that his complaint failed to state a claim for a Racketeer Influenced and Corrupt Organizations Act (RICO) violation. (ECF No. 57.) Given the failure of his federal claims, the Court concluded there was no basis for continued federal subject-matter jurisdiction and dismissed his other claims without prejudice. (*Id.*) Since his case was dismissed, Fagan has filed a "motion for reconsideration and/or alteration of judgment pursuant to Federal Rule of Civil Procedure." (ECF No. 61.) His motion is denied.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) allows a party to ask the court for reconsideration of a judgment within 28 days following the entry of the judgment. To prevail, the movant must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). A manifest error of law refers to the disregard, misapplication, or

misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Parties may not use a motion for reconsideration to advance new arguments or theories that they should have raised before the Court rendered a judgment, or to present evidence that they could have presented earlier. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

**ANALYSIS**

Fagan raises a number of concerns. Some are procedural, some substantive, but none warrant reconsideration of the Court's order dismissing his case.

Fagan complains that the Court did not rule on a number of his procedural motions before ruling on the defendants' motions to dismiss. (ECF No. 61 at 1–2.) He points to his motion to strike two certificates of service that misstated his address, an answer filed by two other defendants, and a brief opposing one of his extensions. (*Id.;* ECF No. 32 at 6.) This motion and these documents are all irrelevant to the disposition of the motions to dismiss Fagan's complaint. They have nothing whatsoever to do with the Court's reasoning on whether Fagan's complaint stated a claim. Similarly, Fagan objects that the Court entered an order *before* he filed a motion to strike another document. (ECF No. 61 at 2 (citing ECF No. 54).) But his motion to strike had nothing to do with the Court's ruling. (ECF No. 61 at 2.) The Court did not reference or consider the challenged document in its order. Fagan also faults the Court for not ruling on his "tolling request"—a single line buried on page six of a response to an earlier order to show cause entered by Magistrate Judge Joseph. (ECF No. 61 at 7; ECF No. 37 at 6.) Fagan's tolling request was not filed as a motion and was not supported by any legal authority. Moreover, parties are not entitled to presume that a request for an extension or tolling will be granted. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 539 (7th Cir. 2011).

Fagan also complains that, because the Court did not set a scheduling conference, he was prejudiced because no deadlines were established. (ECF No. 61 at 14.) But the Court does not set a schedule or issue a scheduling order if a case is dismissed. Again, this complaint has no bearing on the Court's motion to dismiss ruling.

Fagan broadly argues that he filed "thirteen substantive documents" after the motion to dismiss was filed and thus did not waive any arguments. (ECF No. 61 at 6.) But none of his many documents address the substantive arguments raised by Defendants in their motions to dismiss. In

them, Fagan asked for other relief, like disqualifying opposing counsel on a baseless theory of a conflict of interest, and enjoining a state court proceeding, among other things. (ECF Nos. 37, 40, 42, 44, 45, 46, 47, 48, 39, 50, 52, & 53.) Moreover, the Court did not simply find that Fagan waived his arguments, it analyzed his amended complaint and found that it did not state a claim. (ECF No. 57.)

Fagan further argues that he should have been afforded an additional chance to amend his complaint. (ECF No. 61 at 8–9.) Fagan had already amended his complaint once, (ECF No. 11), filed a "voluntary RICO case statement," (ECF No, 12), and ten "supplemental documents," (ECF Nos 14–23), in an effort to plead his claims. He did not amend in response to either of the motions to dismiss, and, as discussed above, did not respond to the substantive arguments raised in those motions. While allowing plaintiffs the opportunity to amend is the norm, *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), Fagan already took that opportunity, arguably more than once.

Substantively, Fagan asserts that the Court's RICO analysis was wrong, and "ignored open-ended continuity." (ECF No. 61 at 16.) He ignores that his allegations are all about the sale of a single property, the execution of a lease-back provision, and the later termination of that lease. His amended complaint simply did not state a RICO claim.

Fagan raises a handful of other concerns, none of which merit granting his requested relief. He first asserts he was prejudiced because Magistrate Judge Joseph did not grant him electronic filing privileges. (ECF No. 61 at 14.) He cites no legal authority to support this argument. Any delay caused by mailing filings is irrelevant, as Fagan simply failed to respond to the substantive arguments raised in the motions to dismiss.

Fagan further asserts that the Court was manifestly wrong in denying his motion to disqualify opposing counsel based on a purported conflict of interest caused by opposing counsel's earlier representation of Fagan's adversary in another lawsuit. (ECF No. 61 at 16–17.) Fagan is still wrong about the ethical rules he cites. As the Court noted in its earlier order, Wisconsin Supreme Court Rules 20:1.7 and 20:1.9 are not implicated here because *Fagan* has never been represented by defense counsel or his law firm. Because Fagan was an adversary of opposing counsel's client, and not a client himself, there is no conflict of interest. (ECF No. 57 at 7–8.)

Finally, the Court's reference to the fact that Fagan's complaint and other filings appeared to have been generated using artificial intelligence does not indicate impermissible bias, as he

suggests. The Court simply made an observation and Fagan's arguments on this point are unpersuasive and unsupported by any legal authority. (ECF No. 61 at 17–18.)

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Reconsideration, ECF No. 61, is **DENIED**.

Dated at Milwaukee, Wisconsin, on October 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge