UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICK FAGAN,

Plaintiff,

v. Case No. 25-cv-1974-bhl

IJS STORAGE LLC, et al.,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM A CIVIL JUDGMENT AND FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER**

---

Plaintiff Patrick Fagan, proceeding without an attorney, sued ten named defendants—Cage Home Investments, WMB LLC, IJS Storage LLC, Jordan Vangarde, Steve Bilik, A.J. Vermiglio, Craig Patch, Tim Pinter, Victory Title Co. LLC, Joe Schilz, and Sua Sponte Roofing LLC—and five unnamed John Doe defendants, on a range of legal theories relating to the sale and subsequent lease termination of a commercial property. (ECF No. 11.) The Court eventually dismissed Fagan's case because his operative complaint failed to state a claim for a Racketeer Influenced and Corrupt Organizations Act (RICO) violation, and there was no basis for continued federal subject-matter jurisdiction over his other claims. (ECF No. 57.) Fagan then filed a "motion for reconsideration" under Federal Rule of Civil Procedure 59, which the Court denied. (ECF Nos. 61 & 64.) Fagan has now filed a motion for relief from a civil judgment pursuant to Rule 60 and an additional emergency motion for a temporary restraining order. (ECF Nos. 66 & 67.) According to the motions, some of the Defendants are also his former landlords, they have obtained an eviction order against him in state court and are now preparing to auction off Fagan's personal property that remains in the building. (ECF No. 66 at 4–6.) For the reasons discussed below, the Court will deny both of Fagan's motions.

## LEGAL STANDARD

Fagan seeks relief from the Court's judgment under Federal Rule of Civil Procedure 60(b)(3), which authorizes the Court to relieve a party from a final judgment based on a showing

of "fraud . . . misrepresentation, or misconduct by an opposing party." The Court's power to address a fraudulently procured judgment extends beyond the rule. Indeed, Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to set aside a judgment for fraud on the court." A party alleging fraud on the court faces a high bar, however. The "alleged fraud must go beyond mere discrepancies in the record evidence available at the time judgment was entered. The fraud must have been the kind of fraud that ordinarily could not be discovered, despite diligent inquiry, within one year or even many years." *Kennedy v. Schneider Electric*, 893 F.3d 414, 420 (7th Cir. 2018). Federal Rule of Civil Procedure 60(a) allows a Court to correct mistakes or omissions found in judgments, orders, or other parts of the record. Fagan raises several concerns, but none of them merit granting the relief he seeks.

**ANALYSIS**

Fagan first asserts that this Court's judgment was "obtained through a continuing fraud upon the judicial process" perpetrated by an attorney who represented IJS Storage in Fagan's earlier state court action brought against many of the Defendants sued here, as well as IJS Storage's eviction action against Fagan. (ECF No. 66 at 1–6.) Fagan accuses this attorney and IJS Storage of participating in a fraudulent scheme to evict him. (*Id.*) Fagan has not identified any fraud on the Court by opposing counsel. He alleges that: (1) IJS Storage's attorney stated during a hearing in Fagan's state law case (brought by him against IJS Storage) that he had not yet begun an eviction action against Fagan but then proceeded to do so later that day; (2) the same attorney solicited testimony that was adverse to Fagan in the later state court eviction action between these parties; (3) IJS Storage listed a UPS Store mailbox as an address in its registration with the Wisconsin Department of Financial Institutions; (4) the attorney told Fagan his client would seek a storage fee for the items and equipment Fagan did not remove from the building after he was evicted; and (5) IJS Storage avoided service in this action. (*See id.*) None of this is fraud on the Court. Most of this information was available to both the state court and this Court before the Court entered judgment against Fagan, and none of it is relevant to the Court's analysis of Fagan's amended complaint. Fagan also alleges that IJS Storage LLC did not properly renew its Wisconsin registration. (*Id.* at 7–8; ECF No. 65-3.) This fact is irrelevant; it does not retroactively make Fagan's amended complaint adequately plead a civil RICO claim.

Fagan also seeks to correct the Court's judgment. He contends that his state court claims were dismissed without prejudice, as there was no longer any basis for federal jurisdiction, while

his federal claim for a violation of the RICO act was dismissed with prejudice. (ECF No. 66 at 2.) Fagan is correct; consistent with the Court's ruling, (ECF No. 57 at 6, 8), Fagan's federal claim was dismissed with prejudice and his state law claims were dismissed without prejudice. This distinction makes no difference in the disposition of this action. There is no "discrepancy," (ECF No. 66 at 2), and there is nothing in the judgment to correct.

Fagan cannot seek a temporary restraining order. His case has been dismissed and judgment entered against him. There is no longer a pending claim that would support entry of injunctive relief. Accordingly, his motion for a temporary restraining order, ECF No. 67, is denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Relief from a Judgment, ECF No. 66, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Emergency Temporary Restraining Order, ECF No. 67, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin, on October 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge